UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MILAGRAS RAMOS,                )
                               )
        Plaintiff,             )
                               )
    v.                         )   No.  12 C 1114
                               )
TARGET CORPORATION,            )
                               )
        Defendant.             )

**MEMORANDUM ORDER**

This sua sponte memorandum order is triggered by some fundamental flaws in the Answer of Target Corporation ("Target") to the personal injury Complaint brought against it by Milagras Ramos. Although this Court has frankly been sorely tempted to expand at some length with its criticism of the quality (or more accurately the lack of quality) of the work product submitted by Target's counsel, it will content itself by simply identifying some obvious defects:

   1. Answer ¶2 reflects an inexplicable failure to follow the clear roadmap prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) -- see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). It is stricken.

   2. Answer ¶3 is nonresponsive to the corresponding allegations of Complaint ¶3 and thus

fails to comply with Rule 8(b)(1)(B). It too is sticken.

    3. Because every affirmative defense ("AD") must accept as true the allegations of the complaint to which it responds (see App'x ¶5 to <u>State Farm</u>), the portions of Target's first two ADs that speak of Ramos' asserted contributory negligence as being the sole cause of his injuries are also stricken.

    4. Counsel Mark McAndrew's Affidavit of Insufficient Knowledge is defective in no fewer than four respects: (a) It cites to an Illinois statute, which of course has no application to this federal case, (b) it repeats the same blunder referred to above in paragraph 1, (c) it is signed by Target's lawyer, even though of course it is only the client's disclaimer that would be relevant and (d) it is stated to the best of the lawyer's knowledge and belief, which is never adequate where an actual affidavit is called for (as is not the case here). That "affidavit" must be omitted the next time around.

Accordingly Target must file either an amendment to its Answer or a self-contained Amended Answer on or before April 9, 2012. No charge is to be made to Target for the added work and expense incurred in correcting counsel's own errors. Target's

2

counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date:   March 26, 2012