```
            UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

```
MILAGRAS RAMOS,                )
                               )
         Plaintiff,            )
                               )
    v.                         )    No.  12 C 1114
                               )
TARGET CORPORATION,            )
                               )
         Defendant.            )
```

**MEMORANDUM**

In response to this Court's brief March 26 memorandum order that identified some flaws in the original Answer filed by Target Corporation ("Target") in this personal injury action, Target's counsel has just filed its Amended Answer to the Complaint brought against it by Milagras Ramos ("Ramos"). This memorandum (<u>not</u> an order) is written because this Court finds two of the denials contained in that pleading to be puzzling.

First, Target provides a flat-out denial to this allegation in Complaint ¶ 2:

> That at the time and place aforesaid, plaintiff was lawfully upon the premises for shopping, and was a business invitee pursuant to defendant's invitation.

Is it contended that Ramos was a trespasser or otherwise unlawfully in Target's store? If not, what is the basis for the denial?

Second, Target's outright denial of this allegation in Complaint ¶ 6 is troubling for a different reason:

> That the plaintiff then and there sustained serious and permanent injuries, including but not limited to, injuries to her left knee and back. That the plaintiff sustained pain, suffering, disability, loss of a normal life, and disfigurement and incurred medical expenses in treatment of her injuries.

Those allegations, unlike Ramos' other allegations, contain no assertions as to causation -- only Ramos' injuries and their affect on her life style are asserted. Just how can Target issue a denial to the first sentence and the last part of the second, when its Notice of Removal expressly predicates the existence of the requisite over-$75,000 amount in controversy by referring to Ramos' "injury to her knee and back with medical bills exceeding $42,000.00"? And as for the rest of the second sentence, Target clearly cannot say that Ramos' statements are untrue.

This Court is not ordering Target's counsel to return to the drawing board once again. At or before the next scheduled status hearing, however, counsel should be prepared to address the questions posed here.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 30, 2012

2